UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WHITNEY M. BAUTISTA,

    Plaintiff,

-against-

**COMPLAINT**

BLUESTEM BRANDS, INC. d/b/a
FINGERHUT,

**Docket No.**:
Jury Trial Demanded: Yes

    Defendant,

_____/

## I. PARTIES IN THE COMPLAINT

Whitney M. Bautista (know hereinafter as "Plaintiff") by and through her attorney Subhan Tariq, Esq. as and for her complaint against Fingerhut (known hereinafter as "Defendant") respectfully sets forth and alleges the following on information and belief, the following:

1. Plaintiff Whitney M. Bautista (hereinafter "Plaintiff") is a natural person who resides at 106-50 97th Street, 2nd Fl., Ozone Park, NY 11417.

2. Plaintiff is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

3. Defendant Bluestem Brands, Inc. is a Minnesota based corporation, with a primary mailing address at 6509 Flying Cloud Dr, Eden Prairie, MN 55344.

## II. JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated

- 1 -

upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

5. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* in their efforts to collect a consumer debt.

6. Venue is proper in this District because the Plaintiff may be found in this District, and some of the acts and transactions occurred in this District and because Plaintiff received multiple collection communications from and on behalf of Defendants while in New York on the cellular telephone that is the subject of this litigation.

### III. FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number ("1 through 6") herein with the same force and effect as if the same were set forth at length herein.

8. Immediately preceding the filing of this claim purposes and for several months prior to, Defendants attempted to collect from Plaintiff a financial obligation which was for family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted bill from, Defendants through a campaign of communication which included repeated autodialed calls to the Plaintiff's cell phone.

9. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

10. Plaintiff, after having received numerous calls from the Defendant, contacted the Defendant on December 8, 2015 and requested that Defendant cease making "robo calls" to her cellphone at number (631) 805-8323.

11. Plaintiff also asked that all further communication about the debt be made through the mail instead, this communication clearly and unequivocally withdrew consent to be contacted by an auto dialer at her cellphone number (631) 805-8323.

12. Despite these various efforts on the part of the Plaintiff the Defendants continued to make harassing autodialed calls to her cell phone at all hours of the day causing great stress and hardship to the Plaintiff and her family.

13. Despite not having the Plaintiff's prior express consent, Defendant and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least thirty times (30) times prior to the commencement of this litigation (See Exhibit A Call Logs).

14. When the Plaintiff was able to speak with a representative of the Defendant they would routinely refuse to acknowledge either the Plaintiff's dispute of the account and would refuse to take her off of their call list.

15. Throughout this time the Defendant was on specific notice that the phone was a cell phone and that the Plaintiff was specifically requesting that they not call her at that number.

16. The Defendant voluntarily and willfully used an auto dialer to place these calls.

17. At no time did the Plaintiff ever give consent for the Defendant to use an auto dialer to place these calls.

## IV.    TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number ("1 through 17") herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

    20. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B). and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1. Award statutory damages provided and pursuant to Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (b)(1)(a).
2. Order a declaration that the Defendant's practices violated the TCPA;
3. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: March 14, 2016

Respectfully submitted,

Subhan Tariq, Esq.
Attorney I.D. No. ST9597
The Tariq Law Firm, PLLC
9052 171st Street
Jamaica, NY 11432
516-900-4529
Email:Subhan@tariqlaw.com
**Attorney for Plaintiff**

To:
Bluestem Brands, Inc.
6509 Flying Cloud Dr.
Eden Prairie, MN 55344

(via Prescribed service)

Clerk of the Court,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

(For Filing purposes)

- 5 -